United States District Court
Southern District of Texas
ENTERED
September 24, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-23-415-01 |
| | § | |
| SHALONDRIA SIMPSON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

A grand jury charged Shalondria Simpson ("Defendant") in a thirteen-count Indictment.[1] Pending before the court is Defendant Shalondria Simpson's Amended Motion for Release $600,000.00 of Seized Funds ("Defendant's Motion to Release Funds") (Docket Entry No. 118). For the reasons stated below, Defendant's Motion to Release Funds will be denied.

## I. Background

Before Defendant was indicted a magistrate judge issued sixteen seizure warrants authorizing the seizure of cash and real property belonging to Defendant and her businesses.[2] In total, the Government seized more than $15 million in assets belonging to Defendant and her two pharmacies.[3] Two and one-half million dollars, and later $460,000, of the $15 million that was seized by the

[1]Indictment, Docket Entry No. 1, pp. 1, 11, 14, 15-17, 19. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Defendant's Motion to Release Funds, Docket Entry No. 118, p. 2. The warrants included nine bank accounts. The Government also seized or filed lis pendens on six of Defendant's properties and six of Defendant's vehicles.

[3]Id. at 4.

Government was released to Defendant "[w]here the more detailed tracing did not support the government's position."[4] However, Defendant has spent a substantial portion of the $2.5 million on legal services for this case.[5]

On August 14, 2026, Defendant filed her Motion to Release Funds, arguing for the immediate release of certain seized funds necessary to pay expenses associated with her defense and for her reasonable living expenses.[6] The Government filed its Response opposing the release of funds on September 9, 2026.[7] Defendant filed a reply on September 16, 2026.[8]

## II. Analysis

Defendant does not argue that the funds seized from her are untainted property.[9] Instead, citing to Luis v. United States, 136 S. Ct. 1083, 1088 (2016), which holds that "the pretrial restraint

---

[4]United States' Response in Opposition to Defendant Shalondria Simpson's Amended Motion for Release of $600,000 of Seized Funds ("Government's Response"), Docket Entry No. 153, p. 2; Defendant's Motion to Release Funds, Docket Entry No. 118, p. 4.

[5]Defendant's Motion to Release Funds, Docket Entry No. 118, pp. 8–11; Affidavit of Defendant Shalondria Simpson in Support of Motion to Release Funds ("Defendant's Affidavit"), Docket Entry No. 155; Everlaw Invoice, Exhibit 1 to Defendant's Affidavit, Docket Entry No. 155-1; Hayes Invoice, Exhibit 3 to Defendant's Affidavit, Docket Entry No. 155-3; Katten Invoice, Exhibit 6 to Defendant's Affidavit, Docket Entry No. 155-6; Quinones Invoice, Exhibit 7 to Defendant's Affidavit, Docket Entry No. 155-7; Martin Retainer, Exhibit 8 to Defendant's Affidavit, Docket Entry No. 155-8.

[6]Defendant's Motion to Release Funds, Docket Entry No. 118, p. 1.

[7]Government's Response, Docket Entry No. 153.

[8]Reply in Support Defendant Shalondria Simpson's Amended Motion for Release of $600,00.00 of Seized Funds, Docket Entry No. 154.

[9]Defendant states that she "maintains her innocence and denies that these assets are proceeds of fraud and kickbacks." Defendant's Motion to Release Funds, Docket Entry No. 118, p. 7. This assertion is not sufficient to establish that the seized funds are untainted property. See United States v. Jones, 160 F.3d 641, 647 (10th Cir. 1998) (holding that "[a] defendant must . . . make a prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of the health care offense" in order for the court to hold a post-restraint, pre-trial hearing on the release of funds) (internal quotation marks omitted).

of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment," Defendant argues that the funds should be released because she needs the funds to pay expenses associated with her defense and her living expenses.[10]

The funds seized from Defendant were seized by warrants after a magistrate judge found probable cause to believe they were subject to forfeiture.[11] Defendant does not dispute that "[t]he government conducted a financial analysis, traced the seized funds, and determined that they constitute health care fraud and kickback proceeds (as well as property involved in money laundering), which are subject to forfeiture upon conviction."[12] Defendant has no right to funds that were seized by warrants after a magistrate judge found probable cause to believe the funds were subject to forfeiture. United States v. Monsanto, 109 S. Ct. 2657, 2666 (1989) ("[A]ssets in a defendant's possession may be restrained [pre-conviction] based on a finding of probable cause to believe that the assets are forfeitable."). Moreover, the Supreme Court has held that "neither the Fifth nor the Sixth Amendment to the Constitution requires Congress to permit a defendant to use assets adjudged to be forfeitable to pay that defendant's legal fees." Id.; see also Caplin & Drysdale, Chartered v. United States, 109 S. Ct. 2646, 2656-57 (1989).[13]

---

[10]Defendant's Motion to Release Funds, Docket Entry No. 118, pp. 8–11. Defendant also cites United States v. Sharma, Civil No. H-09-1926, 2010 WL 11454455 (S.D. Tex. Jan. 7, 2010), and United States v. Scully, No. 5:10-CR-593-DAE-1, 2017 WL 11661557 (W.D. Tex. Mar. 2, 2017), in support of her argument. Id. at 6. However, neither Sharma nor Scully supports the release of funds in this case. In Sharma the court released funds that were restrained under 18 U.S.C. § 1345, which does not require proceedings tracing but allows for the restraint of property of equivalent value, Sharma, 2010 WL 11454455, at *1, while in Scully the court released untainted funds, Scully, 2017 WL 11661557, at *2.

[11]Government's Response, Docket Entry No. 153, p. 4.

[12]Id. at 2.

[13]Although Defendant argues that Monsanto and Caplin & Drysdale are not applicable because they pertain to the constitutionality of 18 U.S.C. § 853 alone, the holdings of these cases (continued...)

## III. Conclusion and Order

For the reasons explained above, Defendant Shalondria Simpson's Amended Motion for Release $600,000.00 of Seized Funds (Docket Entry No. 118) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 24th day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

[13](...continued)
extend beyond the application of § 853. Monsanto, 109 S. Ct. at 2666 (holding that "neither the Fifth nor the Sixth Amendment to the Constitution requires Congress to permit a defendant to use assets adjudged to be forfeitable to pay that defendant's legal fees").